In the Matter of the Judicial Settlement of the Accounts of HENRY J. SULLIVAN, as Administrator, etc., of REBECCA B. EVANS, Deceased.

CITY OF ROCHESTER, Appellant; HENRY J. SULLIVAN, as Administrator, etc., of REBECCA B. EVANS, Deceased, and Others, Respondents.

*Appeal by a municipality from a surrogate's decree which makes no provision for the payment of taxes assessed against an administrator — it is "a creditor of, or party interested, in the estate" — it is not necessary first to intervene or to file exceptions — the surrogate may adjust the equities between the estate and the administrator.*

It is not necessary that a party, intending to take an appeal from a surrogate's decree under section 2569 of the Code of Civil Procedure, which provides: "A creditor of, or person interested in, the estate or fund affected by the decree or order (of the surrogate), who was not a party to the special proceeding, but was entitled by law to be heard therein, upon his application * * * may intervene and appeal as prescribed in this article," should first seek to intervene and become a party to the proceeding by means of a petition, or file exceptions to the findings of the surrogate.

A decree judicially settling an administrator's accounts should, where it appears that there remains unpaid a valid tax assessed by a city against the adminis-

trator on account of the estate, direct the payment of the tax out of the assets of the estate, and, if the circumstances are such that the administrator should be personally charged with the amount of the unpaid tax, the decree may also adjust the equities as between the estate and the administrator.

In such a case the city is "a creditor of, or party interested in, the estate," within the meaning of section 2569 of the Code of Civil Procedure.

APPEAL by the City of Rochester from a decree of the Surrogate's Court of Monroe county, entered in said Surrogate's Court on the 3d day of November, 1902, judicially settling the accounts of Henry J. Sullivan, as administrator, etc., of Rebecca B. Evans, deceased, and directing the distribution of said estate.

*William A. Sutherland*, for the appellant.

*D. W. Forsyth*, for the respondent Lahn.

*Selden S. Brown*, for the respondent Collins.

HISCOCK, J.:

We think that the decree appealed from should be reversed in so far as it fails to pass upon and, if valid, direct the payment of certain taxes during the years 1897, 1898, 1900, 1901 and 1902, in the city of Rochester, assessed against the respondent Sullivan, as administrator of the estate of Rebecca B. Evans, in his hands.

This proceeding was instituted for the purpose of having a final accounting by said Sullivan as administrator and a distribution of the estate in his hands, and it was delayed from time to time as claimed by the respondents who appear upon this appeal by or on account of said administrator.

During the years above mentioned, and in the year 1899, taxes were assessed against said administrator in the city of Rochester on account of the estate in his possession, and, so far as appears, said taxes still remain unpaid. Upon the accounting the surrogate directed the payment out of the estate of the taxes assessed for the year 1899, and refused to direct the payment of those assessed for the other years mentioned out of the estate upon the ground, as we understand, that said estate had become subject to such assessments largely through the fault of the administrator in delaying administration, and that he personally ought to pay said taxes.

The city of Rochester was not a party to the proceeding, but it

has instituted this appeal pursuant to the provisions of section 2569 of the Code of Civil Procedure, which provides that "a creditor of, or person interested in, the estate or fund affected by the decree or order (of the surrogate), who was not a party to the special proceeding, but was entitled by law to be heard therein, upon his application * * * may intervene and appeal as prescribed in this article." Such person is required to show by affidavit the facts which entitle him to take such appeal. Said affidavits were duly made, filed and a copy thereof served with the notice of appeal as provided, and show in substance, amongst other things, the facts already recited.

Various objections are urged in behalf of respondents to the right of appellant to take or succeed upon this appeal, some of which at least do not seem to require more than passing notice.

We think that the practice pursued by the appellant under the provisions of the Code referred to was regular and proper. That section does not seem to contemplate or provide, as urged by respondents, that a person intending to take such an appeal should first seek to intervene and become a party by means of a petition. In most cases at least a person authorized to take such an appeal might become by a petition and intervention a party to the proceedings resulting in the order or decree from which the appeal was taken, and in such case would become entitled to take an appeal without relying upon the section of the Code referred to. That section, however, seems clearly to establish the right to appeal by a person who has not thus become a party to the original proceeding.

Neither do we think that it was necessary for appellant to file exceptions to the findings of the surrogate in order to take its appeal.

Section 994 and the other related sections of the Code governing the subject of exceptions necessary to be taken by a party intending to appeal, quite manifestly are not appropriate to such an appeal as is now under consideration. While appellant, concurrently with the filing and service of his notice of appeal, might have taken exceptions under such sections, it would require, in our opinion, a forced construction to compel it so to do. There is no such necessity for such exceptions as may exist in the case of a party to a proceeding resulting in the appeal. There exceptions would be proper to fairly apprise the opposing party of the errors com-

:plained of and upon which reliance was to be placed upon the appeal. In this case the affidavits which the appellant was required to make and serve with his notice of appeal, clearly dis-closed the alleged errors of which it complains and fully notified respondents of the contentions which they must meet.

The appellant was "a creditor of, or person interested in" the estate affected by the decree appealed from, and it would be proper for a surrogate's decree directing the final distribution of the estate to provide for the payment of valid taxes assessed against or on account of the property composing such estate. The taxes in question were, of course, as suggested by respondents, assessed against Sullivan as administrator and their collection was enforcible against him. It does not, however, seem to be disputed upon this appeal that they were so assessed on account of the property which he had in his hands belonging to this estate, and that they were collectible out of such property in his possession. There are and were various provisions of law by which such taxes might have been collected without resort to provisions in the surrogate's decree for the distribution of the estate. But the property out of which said taxes might have been made is in the Surrogate's Court for final administration and distribution. It is a possibility at least that an administrator personally may not have property out of which such taxes might be collected, and that if an estate is finally administered and distributed amongst scattered distributees payment may be lost. It appears in this case that some of the persons entitled to take distributive shares in the estate live out of the State. The Surrogate's Court has under its control and in its constructive possession the property which is liable for the payment of these taxes, and we see no good reason why it should not with advantage to all parties provide for payment of such thereof as are legal and valid. The reason urged in the court below and upon this appeal by the respondents, that the administrator has been guilty of unwarrantable delay in the settlement of this estate whereby unnecessary taxes have accumulated and that he should be charged with the same personally rather than that the same should be paid out of the estate, does not apply as against appellant. It is entitled to collect its taxes and out of the property of the estate in the possession of the administrator if they are valid and properly enforcible. The

same decree which provides for their payment can also adjust in such proper way as may be necessary the equities and final responsibility for payment as between the estate and the administrator.

All concurred.

Decree of Surrogate's Court reversed, with costs to the appellant to abide event in so far as it omits to pass upon the taxes assessed for the years 1897, 1898, 1900, 1901 and 1902, and to direct payment thereof if valid and unpaid claims against the property in said estate, and the proceedings remitted to the Surrogate's Court of Monroe county for a new hearing and such further proceeding as to said taxes and assessments as may be proper, including the question whether the same, if directed to be paid out of the property of said estate, should, as between it and the administrator, be personally charged against the latter.